**Kathleen M. ROCHE, Plaintiff–
Appellant,**

v.

**SAINT LUKES SHAWNEE MISSION
HEALTH SYSTEM, INC.; Saint
Lukes Hospital, of Kansas City; Saint
Lukes Hospital, Inc., doing business
as Saint Lukes Health System, Defen-
dants–Appellees.**

No. 01–3772.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 2002.

Decided Sept. 27, 2002.

Before McMILLIAN, BRIGHT, and
BOWMAN, Circuit Judges.

[UNPUBLISHED]

PER CURIAM.

Kathleen Roche appeals the district
court's[1] grant of summary judgment on
her disability discrimination and rehabilita-
tion claims against her employer, Saint
Lukes Shawnee Mission Health Systems
(Saint Lukes) based on the Rehabilitation
Act, 29 U.S.C. § 794, the Missouri Human
Rights Act (MHRA), Mo.Rev.Stat.
§ 287.780, the Family Medical Leave Act,
29 U.S.C. § 2601, and Missouri's worker's
compensation law. We affirm.

Having carefully reviewed the record,
we affirm the district court's finding that
Roche failed to establish a prima facie case
of either disability discrimination or reha-
bilitation discrimination. *See Fast v.
Southern Union Co.*, 149 F.3d 885, 889
(8th Cir.1998) (stating de novo standard of
review). Roche has failed to show that her
sight problems[2] and her positive reaction
to a tuberculin skin test constitute a dis-
ability or that they limited her in any
major life activity. *See Heintzelman v.
Runyon,* 120 F.3d 143, 145 (8th Cir.1997)
(noting that a condition must be perma-
nent or produce long-term limitations for
the individual to constitute an actual dis-
ability under either the Rehabilitation Act
or MHRA); *see also Sutton v. United Air
Lines, Inc.*, 527 U.S. 471, 488–89, 119 S.Ct.
2139, 144 L.Ed.2d 450 (1999) (holding
available corrective measures or medi-
cations must be considered in assessing
whether a physical condition qualifies as a
disability). Roche has also failed to dem-
onstrate that Saint Lukes regarded her as
being disabled. *Roberts v. Unidynamics
Corp.*, 126 F.3d 1088, 1092 (8th Cir.1997)
.(stating standard for "regarded as" claim).

The district court did not err in dismiss-
ing Roche's retaliation claims. Roche
failed to establish that she engaged in any
protected activity. *Kiel v. Select Artifi-
cials, Inc.*, 169 F.3d 1131, 1136 (8th Cir.
1999) (stating prima facie elements for re-
taliation). The district court also did not
err in dismissing Roche's FMLA claims.
Roche failed to demonstrate that her
elective outpatient eye surgery was a "ser-
ious health condition," entitling her to
FMLA protections. *See Austin v. Haak-
er,* 76 F.Supp.2d 1213, 1220–21 (D.Kan.

---

1. The Honorable Scott O. Wright, United
States District Judge for the Western District
of Missouri.

2. In her Equal Employment Opportunity
Commission (EEOC) complaint, Roche
claimed her disability was refractive surgery.

In contrast, in her complaint, Roche claimed
disability based on nearsightedness and astig-
matism. In response to Saint Lukes' sum-
mary judgment motion, Roche claimed dis-
ability based on myopia.

1999) (noting the limited instances when the FMLA applies and defining a "serious health condition"). Finally, the district court did not err in dismissing Roche's retaliation claim for making a worker's compensation claim, where the filing of the claim occurred five years prior to her termination. *See Hansome v. Northwestern Cooperage Co.*, 679 S.W.2d 273, 275 (Mo. 1984) (stating prima facie elements for worker's compensation retaliation).

Accordingly, we affirm.[3]

---

**3.** We deny as moot Saint Lukes' pending motion to strike Roche's appendix.